**PAGE et al. v. TUCKER, County Judge, et al.**
(No. 379—3543.)

(Commission of Appeals of Texas, Section A. Dec. 1, 1926.)

1. **Appeal and error** ⚌843(2)—**Question of Legislature's compliance with Constitution, in enacting amendatory act, is moot by subsequent compliance before case is heard on appeal (Const. art. 3, § 36).**

As regards attack on statute, question of Legislature's failure to observe Const. art. 3, § 36, requiring amended section of pre-existing act to be "re-enacted and published at length" in amendatory act, is moot where there was subsequent re-enactment at length of amended section in amendatory act prior to time case was heard on appeal in Supreme Court.

2. **Injunction** ⚌137(1)—**Temporary injunction, restraining enforcement of law requiring cattle to be dipped, properly refused, where prosecution not threatened.**

Temporary injunction, restraining county officials from enforcing law requiring owners to have cattle dipped, *held* properly refused where such officials were not threatening to prosecute owners.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Injunction suit by W. S. Page and others against T. J. Tucker, County Judge, and others. An order denying the writ was affirmed by the Court of Civil Appeals (218 S. W. 584), and plaintiffs bring error. Affirmed.

R. D. Allen, of Sulphur Springs, for plaintiffs in error.

C. E. Sheppard and T. J. Ramey, both of Sulphur Springs, for defendants in error.

NICKELS, J. [1] Some of the questions presented relate to the alleged failure of the Legislature to observe the provisions of section 36, article 3, of the Constitution, which requires a revived act or amended section of a pre-existing act to be "re-enacted and published at length." The case involves an application for a temporary injunction, and, since its disposition in the trial court, the statute in question has been re-enacted at length in the Revised Statutes 1925. These questions, hence, are moot. It is proper to say here that disposition of the case in the Supreme Court was delayed until recently by agreements of the parties.

[2] Amongst the grounds upon which the honorable Court of Civil Appeals affirmed the order refusing temporary injunctive relief (218 S. W. 584) is the absence of a sufficient showing of injury immediately threatened, and, since this is not a case in which, in any event, an injunctive order would be required by some statutory provision or in order to preserve the subject-matter of the litigation, the affirmance was, in our opinion, correct, whether the constitutional objections (other than those named above) are substantial or not. Decision of those constitutional questions is unnecessary.

We recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.

Associate Justice PIERSON not sitting.